FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 16, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUNDANCE SLOPE, LLC, a Washington limited liability company,<br><br>                    Plaintiff,<br><br>          v.<br><br>TROUT-BLUE CHELAN-MAGI, LLC, a Washington limited liability corporation; EDWARD JOHNSON, former chief executive officer of Trout-Blue Chelan-MAGI, Inc. and Trout-Blue Chelan-MAGI, LLC,<br><br>                    Defendants. | No. 2:23-CV-00083-SAB<br><br>**ORDER DENYING MOTION TO DISMISS AFPA CLAIM** |

Before the Court is Defendant Trout-Blue Chelan-MAGI's Motion to Dismiss, ECF No. 32. This dispute concerns Plaintiff Sundance Slope LLC's desire to grow the patented SugarBee® apple variety ("SugarBee"), which is sublicensed by Defendant Trout-Blue Chelan-MAGI, LLC ("Chelan Fruit"). As detailed in Plaintiff's Second Amended Complaint for Damages and for Declaratory Judgment, ECF No. 23, Chelan Fruit allegedly violated, among other claims, the federal Agricultural Fair Practices Act of 1967 ("AFPA") (7 U.S.C. § 2301 et seq.). The present motion seeks to dismiss Plaintiff's AFPA claims against

**ORDER DENYING MOTION TO DISMISS AFPA CLAIM # 1**

Chelan Fruit. Based on the briefing and applicable law, the Court denies Chelan Fruit's partial motion to dismiss.

## Factual Background

The following facts are drawn from Plaintiff's Second Amended Complaint for Damages and for Declaratory Judgment, ECF No. 23.

Plaintiff Sundance Slope, LLC ("Plaintiff") is a company engaged in the business of growing, processing, and selling apples. Defendant Trout-Blue Chelan-MAGI, LLC, f/k/a Trout-Blue Chelan-MAGI, Inc., d/b/a ("Chelan Fruit") is a company principally engaged in the business of packing and shipping fruit. Former association Trout-Blue Chelan-Magi, Inc. ("CFC") was a cooperative association organized under chapter 23.86 RCW ("CFC" signifies the entity prior to the merger that later created Chelan Fruit). Plaintiff was a member of CFC at the time it entered the contracts at issue. Chelan Fruit was formed by the sale and merger of CFC and its assets by International Farming Corporation, LLC ("IFC") in December 2021. Plaintiff was a member of the cooperative prior to the alleged conversion. Chelan Fruit sublicenses the right to grow certain exclusive fruit varieties.

Non-party Regal Fruit International LLC ("Regal") holds a license to a patented apple variety commonly known as SugarBee. Regal sublicensed the rights to grow and market SugarBee to Chelan Fruit and to non-party Gebbers Farms. Chelan Fruit was able to further sublicense the right to grow SugarBee to growers who contracted with Chelan Fruit.

In 2020, Plaintiff submitted applications to CFC for the right to grow the SugarBee varietal under a sublicense from CFC. CFC's Board granted at least some of the applications which allowed Plaintiff to grow the SugarBee varietal (collectively referred to as the "CFC Sublicense"). In 2020, Plaintiff signed agreements with CFC connected to approximately 16,000 SugarBee trees under the CFC Sublicense. In reliance on the CFC Board's approval, Plaintiff purchased

**ORDER DENYING MOTION TO DISMISS AFPA CLAIM # 2**

additional acreage to produce the SugarBee varietal and, in 2020, removed all other fruit from its orchards to grow only the SugarBee varietal.

As Plaintiff prepared to produce the SugarBee varietal apple, Plaintiff alleges that Chelan Fruit presented Plaintiff with "side letters" which proposed different terms than those in the CFC Sublicense approved by the CFC Board. When Plaintiff did not agree to these new terms, Chelan Fruit allegedly diverted 28,500 SugarBee varietal trees that Plaintiff had contracted to purchase pursuant to its approval by the CFC Board to an IFC affiliate. After subsequent alleged coercions and intimidations by Chelan Fruit, Plaintiff provided a notice of termination of its Sales Marketing Contract on February 28, 2023. Plaintiff further alleges that Chelan Fruit threatened to remove Plaintiff's SugarBee varietals and seek treble damages for infringement if Plaintiff did not deliver an additional 23.5 acres of an acceptable alternate variety. According to Plaintiff, the contracts Chelan Fruit sought to bind Plaintiff to are a cooperative marketing agreement, its dependent sublicenses, and amendments and replacements of the same.

From this dispute, Plaintiff alleges two instances of conduct by Chelan Fruit that purportedly violated the AFPA. Plaintiff alleges that Chelan Fruit (1) attempted to coerce Plaintiff into signing or complying with "side letters" with Chelan Fruit for SugarBee varietal apples, and (2) attempted to coerce Plaintiff into not moving its business to Gebbers Farms.

Chelan Fruit argues Plaintiff was in breach because it had not signed a sublicense enforcing Chelan Fruit's own subcontracts. Plaintiff disagrees with this characterization. Plaintiff alleges that Chelan Fruit injured it when 28,500 SugarBee trees were diverted to another producer, depriving Plaintiff of multiple years' profits and causing Plaintiff to incur substantial reliance damages. Plaintiff further alleges that Chelan Fruit's response to Plaintiff's termination of its Sales Marketing Contract with CFC threatened additional injury if Plaintiff did not

**ORDER DENYING MOTION TO DISMISS AFPA CLAIM # 3**

1  comply with Chelan Fruit's "side letter" demands. Among other allegations,
2  Plaintiff alleges Chelan Fruit violated the AFPA.
3       In the present motion, Chelan Fruit argues that (1) the AFPA is inapplicable
4  and (2) Plaintiff has not alleged any cognizable AFPA violation. Chelan Fruit
5  states that neither of Plaintiffs alleged AFPA violations are legally viable claims
6  because the dispute had nothing to do with Plaintiff's freedom of choice about
7  whether or not to join a cooperative which Chelan Fruit argues is the applicable
8  function of the AFPA. Chelan Fruit goes on to state that Plaintiff's AFPA claim
9  also fails because it does not plausibly allege any form of statutory violation,
10 because the Second Amended Complaint contains no factual allegations that
11 Plaintiff was coerced by Chelan Fruit into doing anything.
12      Plaintiff replies they properly pled an AFPA claim. Plaintiff argues that the
13 statute's mission is to prohibit intimidation against a producer's free choice when
14 contracting with associations and handlers. Plaintiff goes on to state that the
15 alleged facts pled in the Second Amended Complaint, when accepted as true, allow
16 a reasonable inference to support a legally viable claim under the AFPA.

## Legal Standard

18      An amended complaint must contain "a short and plain statement of the
19 claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule
20 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a
21 claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under
22 this rule is only proper if there is either a "lack of a cognizable legal theory" or
23 "the absence of sufficient facts alleged under a cognizable legal theory." *Taylor v.*
24 *Yee*, 780 F.3d 928, 935 (9th Cir. 2015); *Balistreri v. Pacifica Police Dep't*, 901
25 F.2d 696, 699 (9th Cir. 1990). When considering a 12(b)(6) motion, the court
26 accepts the allegations in the complaint as true and construes the pleading in the
27 light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. v.*
28 *Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, this does not require the

**ORDER DENYING MOTION TO DISMISS AFPA CLAIM # 4**

Court "to accept as true legal conclusions couched as factual allegations." *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Levitt v. Yelp!, Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain statement of their claims). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be enough to raise the right to relief above a speculative level. *Twombly*, 550 U.S. at 555. It is not enough that a claim for relief be merely "possible" or "conceivable;" instead, it must be "plausible on its face." *Id*. at 556.

### Applicable Law

"Congress enacted the [] (AFPA) to rectify a perceived imbalance in bargaining position between producers and processors." *Mich. Canners & Freezers Ass'n v. Agric. Mktg. & Bargaining Bd.*, 467 U.S. 461, 464 (1984). The AFPA intends to protect agricultural producers' rights to choose whether or not to join an association of producers (commonly referred to as an agricultural cooperative) and from coercion by associations of producers. *Id.* at 473-474 and 464. The AFPA applies to conduct which allowed producer's associations to "wield the power to coerce producers to sell their products according to terms established by the association." *Id.* at 477.

The AFPA outlines and prohibits multiple unfair practices. The AFPA makes it unlawful for any handler knowingly to engage or permit any employee or agent to "coerce or intimidate any producer to enter into, maintain, breach, cancel, or terminate a … marketing contract with an association of producers or a contract with a handler." 7 U.S.C. § 2303(c). Under the AFPA, "coerce" should be given

**ORDER DENYING MOTION TO DISMISS AFPA CLAIM # 5**

"its ordinary and natural meaning" and that "pressure is not the same as coercion." *Bybee Farms, LLC v. Snake River Sugar Co.*, 563 F. Supp. 2d 1184, 1196 (E.D. Wash. 2008).

## Discussion

Chelan Fruit's Partial Motion to Dismiss is dismissed.

When considering the pleadings in the light most favorable to Plaintiff, Plaintiff has connected their allegations with enough facts that could be plausible on their face. Plaintiff linked their alleged injury of the lost 28,500 SugarBee varietal trees to Defendants' alleged 7 U.S.C. § 2303(c) AFPA violations. At this early stage, this dispute will require further inquiry and fact finding as to the events surrounding the various contracting between Plaintiff and Defendants and the nature of the alleged coercion and intimidation. Therefore, due to Plaintiff's plausible linkages between their assertions and alleged facts in the Second Amended Complaint, the Court denies Chelan Fruit's Partial Motion to Dismiss.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Chelan Fruit's Partial Motion to Dismiss, ECF No. 31, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 16th day of January 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO DISMISS AFPA CLAIM # 6**