FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 13, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUNDANCE SLOPE, LLC, a Washington limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>TROUT-BLUE CHELAN-MAGI, LLC, a Washington limited liability corporation; and EDWARD JOHNSON, former chief executive officer of Trout-Blue Chelan-MAGI, Inc. and Trout-Blue Chelan-MAGI, LLC,<br><br>    Defendants. | No. 2:23-CV-00083-SAB<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION** |

    Before the Court is Plaintiff's Motion for Reconsideration, ECF No. 99. Plaintiff is represented by Carl Hueber, Christine M.H. Meegan, Collette Leland, and Darren Digiacinto. Defendants are represented by Nathan Alexander, Nathan Yalanda Bishop, and Shawn Bright-Larsen. The motion was considered without oral argument.

    Plaintiff moves for reconsideration and/or clarification of the Court's Order Denying Motion to Compel, ECF No. 98. Specifically, Plaintiff requests the Court grant Plaintiff's Renewed Motion to Compel filed on May 22, 2024, ECF No. 77,

**ORDER GRANTING MOTION FOR RECONSIDERATION** # 1

and require Defendants to provide full and complete initial disclosures and responses to Plaintiff's Requests for Production. Upon review, and being fully informed, the Court grants the motion and vacates its previous decision as to the motion to compel.

## Background

The Court denied Plaintiff's Motion to Compel on July 3, 2024, ECF No. 98. Plaintiff's Motion to Compel, Renewed Motion to Compel, and Defendants' Motion to Quash were filed close in time to each other. The motions to compel and the motion to quash are substantively separate and distinct. The motion to quash pertained to the third-party subpoenas only, which were addressed by the Court in the July 3, 2024 Order. However, Plaintiff's motions to compel related only to Defendants' refusal to respond to discovery requests, which were not addressed in the Order.

As to the previous motion to compel, Plaintiff moved the Court to compel Defendants to provide full and complete initial disclosures and responses to Plaintiff's Requests for Production ("RFPs"). Plaintiff served its RFPS on Defendant Trout Blue Chelan-MAGI ("Chelan Fruit") on January 4, 2024. Chelan Fruit responded that the RFPs were burdensome, sought irrelevant information, and alleged that each responsive document were separate requiring additional requests. After some deliberation, Chelan Fruit produced a total of 1,105 pages in March 2024 and then stopped. Chelan Fruit advised Plaintiff it has additional responsive documents, but that it deems these confidential; and they will not be produced unless Plaintiff agrees to Chelan Fruit's proposed confidentiality agreement.

Plaintiff believes that Chelan Fruit's proposed confidentiality agreement is overbroad. After some deliberation as to new language in the confidentiality agreement, the Parties still disagree as to the scope of the RFPs.

**ORDER GRANTING MOTION FOR RECONSIDERATION** # 2

The RFPs at issue relate to documents and communications that are relevant to Chelan Fruit's alleged interference with Plaintiff's contract with Cameron Nursey for the purpose of 28,500 SugarBee® trees, the alleged pattern and retaliation and intimidation by Chelan Fruit against Plaintiff and other growers, the SugarBee® Program central to this matter, and whether Defendants selectively applied and interpreted the policies and terms governing the SugarBee® program.

## Legal Standard

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## Applicable Law

Rule 37 allows a party to move for a court order compelling discovery when the opposing party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). If a party objects to the requests for production, the "objection must state whether any responsive materials are being withheld on the

**ORDER GRANTING MOTION FOR RECONSIDERATION # 3**

basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

When reviewing a motion to compel, the court must consider whether the discovery requests are relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Relevant material includes, "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issues that is or may be in a case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The court has broad discretion in determining relevancy. *Id*.

Whether the requested material is proportional to the needs of the case depends upon: 1) the amount in controversy: 2) the parties' relative access to relevant information; 3) the parties' resources; 4) the importance of the discovery in resolving the issues; and 5) whether the burden or expense of the requested discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

### Discussion

Plaintiff's motion for reconsideration is granted because the Court misunderstood the facts. In the mix of multiple motions for protective order, the Court misunderstood the background of Plaintiff's motion to compel.

After review, and being fully informed, Plaintiff requested relevant and proportional discovery from Chelan Fruit. The requested material is important to resolving this issue and Chelan Fruit has not articulated a burden or expense that outweighs the likely benefit of production for Plaintiff. The RFPs and insurance agreement relating to the SugarBee® Program are relevant and proportional to the allegations against Defendants by Plaintiff. Complete discovery answers and production of requested documents will assist in resolving this matter. The parties can then prepare for depositions and participate in the litigation in earnest.

**ORDER GRANTING MOTION FOR RECONSIDERATION** # 4

Therefore, Plaintiff's motion for reconsideration is granted and the Court vacates its prior order as to Plaintiff's motion to compel.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration, ECF No. 99, is **GRANTED**.

2. Defendants must produce the requested documents with or without a confidentiality agreement by **no later than September 27, 2024**.

3. Plaintiff's motion for attorney fees in their motion to compel is **DENIED** because the delay was caused by the Court.

4. The Court's Order Denying Motion to Compel and Granting Motion to Quash, ECF No. 98, is **VACATED in part** as to the motion to compel.

5. Plaintiff's Motion to Compel, ECF No. 69, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 13th day of September 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR RECONSIDERATION** # 5