FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 12, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUNDANCE SLOPE, LLC, a Washington limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>TROUT-BLUE CHELAN-MAGI, LLC, a Washington limited liability corporation; and EDWARD JOHNSON, former chief executive officer of Trout-Blue Chelan-MAGI, Inc. and Trout-Blue Chelan-MAGI, LLC,<br><br>    Defendants. | NO. 2:23-CV-00083-SAB<br><br>**PROTECTIVE ORDER** |

Before the Court are Defendants' Motion for Reconsideration, ECF No. 104, and related Motion to Expedite, ECF No. 107, as well as Intervenor International Farming Corporation's Motion for Reconsideration, ECF No. 110. Plaintiff is represented by Carl Hueber, Christine Meegan, Collette C. Leland, and Darren Digiacinto. Defendants are represented by Nathan T. Alexander, Nathan Bishop, and Shawn Larsen-Bright. Intervenor International Farming Corporation, LLC is represented by Zachary Davison.

On October 17, 2024, a status hearing was held in Spokane, Washington

**PROTECTIVE ORDER** # 1

regarding the motions. At that hearing, the Court heard arguments from the parties and intervenor counsel regarding issues with discovery. The Court then indicated that it may enter a protective order if the parties could not reach an agreement regarding confidentiality. Following that hearing, the parties submitted separate proposed protective orders, as well as briefing as to how the proposed orders differ. Based on the arguments of the parties, the proposed protective orders, and all briefing on the matter, good cause exists to grant the motions for reconsideration and enter Defendants' proposed protective order.

Accordingly, **IT IS ORDERED:**

1. The stay imposed on September 25, 2024, ECF No. 108, is **LIFTED**. The deadlines set forth in the Court's Amended Scheduling Order, ECF No. 97, are reinstated

2. Defendants' Motion to Expedite, ECF No. 107, is **DENIED AS MOOT**.

3. Defendants' Motion for Reconsideration, ECF No. 104, is **GRANTED**.

4. Intervenor's Motion for Reconsideration, ECF No. 110, is **GRANTED**.

5. Pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown, the Court hereby enters this Protective Order governing discovery proceedings in this matter. Documents or information disclosed in discovery that a party or non-party reasonably and good faith believes to be confidential as set forth herein can be designated as confidential as set forth herein. **Nothing in this Order affects the applicable legal standards for the sealing of materials actually filed with the Court.**

   1. "CONFIDENTIAL" MATERIAL
   
   "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: financial

**PROTECTIVE ORDER** # 2

information; information regarding the business of non-parties including non-party growers; internal board or management level deliberations; proprietary data; employment information; and other similarly private, personal, confidential, proprietary, trade secret, or commercially sensitive information that the producing party or non-party must keep in confidence or in good faith believes could result in injury if publicly disclosed. The foregoing excludes information that is publicly known or can be ascertained from information that is readily available to the public.

2. SCOPE

The protections conferred by this Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

3. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

3.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this

**PROTECTIVE ORDER** # 3

Order.

3.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.

**PROTECTIVE ORDER** # 4

Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

3.3 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. A party who seeks to maintain the confidentiality of its information must establish the basis for sealing even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

4. DESIGNATING PROTECTED MATERIAL

4.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only

**PROTECTIVE ORDER** # 5

those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    4.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

    (a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

    (b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must

**PROTECTIVE ORDER** # 6

identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

4.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality

**PROTECTIVE ORDER** # 7

designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

5.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

6.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER  LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused

**PROTECTIVE ORDER** # 8

the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

7. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  It is further ordered that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or

**PROTECTIVE ORDER** # 9

otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

9. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

//
//
//

**PROTECTIVE ORDER** # 10

6. The confidentiality obligations imposed by this Order shall remain in effect until the Court orders otherwise.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 12th day of November 2024.



Stanley A. Bastian
Chief United States District Judge

**PROTECTIVE ORDER** # 11